Dear Mr. Rebman:
You pose two questions relating to the Missouri Human Rights Act ("MHRA"), Chapter 213, RSMo, resulting from an inquiry from the U.S. Department of Housing and Urban Development ("HUD") to the Missouri Commission on Human Rights. The HUD questions apparently arise because of differences between the MHRA and the federal Fair Housing Act.
Before addressing your questions, we note that despite the differences in wording between the MHRA and federal law, Missouri courts have generally followed federal precedent. Indeed, the rule in Missouri is that courts are to follow the interpretation of the federal anti-discrimination laws except where the MHRA language calls for a different result:
 In deciding a case under the MHRA, appellate courts are guided by both Missouri law and federal employment discrimination caselaw that is consistent with Missouri law. . . . Missouri's discrimination safeguards under the MHRA, however, are not identical to the federal standards and can offer greater discrimination protection. See, e.g., Brady v. Curators of Univ. of Mo., 213 S.W.3d 101, 112-13 *Page 2 
(Mo.App. 2006) (discussing that MHRA federal Title VII are "coextensive, but not identical, acts" and MHRA is "in some ways broader than Title VII, and in other ways is more restrictive"). "If the wording in the MHRA is clear and unambiguous, then federal caselaw which is contrary to the plain meaning of the MHRA is not binding." Id. at 113.
Daugherty v. City of Maryland Heights,231 S.W.3d 814, 818 (Mo. banc 2007).
Your first question relates to coverage of Missouri law with regard to the ability of individuals with disabilities to rent or purchase housing:
 Does a person who has a disability that interferes with his/her ability to occupy a dwelling (e.g., a disabled person who needs an accessible unit and the building he/she is occupying, or seeks to occupy, does not meet the design and construction requirements of § 213.040.2, RSMo), have a "disability" within the meaning of § 213.010(4)?
The MHRA scheme differs somewhat from that of federal law. The federal law includes various rights for those who are disabled-or, to use the federal statute's term, "handicapped." Most pertinent is the following from 42 U.S.C. § 3604:
 [I]t shall be unlawful —
 . . . .
 (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of —
 (A) that buyer or renter,
 (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
 (C) any person associated with that buyer or renter. *Page 3 
 (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of —
 (A) that person; or
 (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
 (C) any person associated with that person.
 (3) For purposes of this subsection, discrimination includes —
 (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.
 (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or
 (C) in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that —
 (i)the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons; *Page 4 
 (ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs; and
 (iii) all premises within such dwellings contain the following features of adaptive design:
 (I) an accessible route into and through the dwelling;
 (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations;
 (III) reinforcements in bathroom walls to allow later installation of grab bars; and
 (IV) usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.
 (4) Compliance with the appropriate requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people (commonly cited as "ANSI A117.1") suffices to satisfy the requirements of paragraph (3)(C)(iii).
 (5)(A) If a State or unit of general local government has incorporated into its laws the requirements set forth in paragraph (3)(C), compliance with such laws shall be deemed to satisfy the requirements of that paragraph.
 . . . .
 (7) As used in this subsection, the term "covered multifamily dwellings" means —
 (A) buildings consisting of 4 or more units if such buildings have one or more elevators; and *Page 5 
 (B) ground floor units in other buildings consisting of 4 or more units.
The definition of "handicap" is found in § 3602:
 (h)(1) "Handicap" means, with respect to a person —
 a physical or mental impairment which substantially limits one or more of such person's major life activities,
 (2) a record of having such an impairment, or
 (3) being regarded as having such an impairment,
 . . . .
The MHRA is not identical to the federal law. The MHRA definition of "disability" includes three categories of persons that largely parallel those in the federal definition of "handicap": (1) a person with "a physical or mental impairment which substantially limits one or more of a person's major life activities"; (2) a person who is "regarded as having such an impairment," even if he or she is not actually so impaired; and (3) a person who has "a record of having such an impairment," again even if he or she does not currently have such an impairment. Section 213.010(4). But the MHRA definition does not end there.
In the MHRA, the statement of the three categories is followed by a comma, and then this phrase: "which with or without reasonable accommodation does not interfere with performing the job, utilizing the place of public accommodation, or occupying the dwelling in question." Thus the MHRA includes within the definition of persons with a "disability" those who can "occupy the dwelling in question" with no accommodation or with "reasonable accommodation." But the definition excludes those who cannot "occupy the dwelling in question" without more than "reasonable accommodation."
The answer to your first question, then, is that a person who has a disability that interferes with their ability to occupy a dwelling has a "disability" within the meaning of § 213.010(4) unless that disability is so severe that they cannot occupy the dwelling without something more than a "reasonable accommodation." *Page 6 
That does not, of course, precisely parallel the federal law. But nothing in the MHRA suggests that the Missouri General Assembly intended a result different from that reached under federal law. Indeed, the MHRA exclusion does not appear to have any practical significance. The federal statute, § 3604(3)(A) and (B), requires nothing more than "reasonable accommodation." Thus, a person who refused to sell or lease to someone who could not occupy a dwelling without more than a "reasonable accommodation"-*', e., someone in the class excluded by the MHRA-would not be violating the federal law. The MHRA and the federal law, then, reach the same result-barring discrimination based on disability when the purchaser or lessee can occupy the dwelling with reasonable or no accommodation-albeit by different means.
Your second question refers to persons against whom discrimination is barred as discussed above:
 Would such a person have standing to file a complaint under the MHRA?
A person who has a "disability" as defined by the MHRA may seek relief under that statute. As to a complaint filed with the Commission, standing is provided to such a person by § 213.075.1 ("[a]ny person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint. . . ."). Section 213.111 then provides such persons the ability to file a complaint in circuit court.
 CONCLUSION
Persons who have disabilities that interfere with their ability to occupy a dwelling, but who can occupy a dwelling with reasonable accommodation, have a "disability" within the meaning of § 213.010(4), and can file a complaint and bring suit under the Missouri Human Rights Act.
 Very truly yours,
 _________________________ CHRIS KOSTER Attorney General *Page 1